IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KIM ROBERTS, AS ADMINISTRATOR
OF THE ESTATE OF CHARLES
"CHUCK" S. TRAUB, DECEASED                                                                PLAINTIFF

VS.                            CASE NO.  1:05CV00081 JMM

UNITED STATES OF AMERICA                                                              DEFENDANT

### ORDER

Pending before the Court are defendant's Motion for Summary Judgment and plaintiff's response.  For the reasons stated below, the motion is denied (#12).

Plaintiff brings her complaint contending that her father's death was the result of defendant's negligence and a violation of the standard of care received by her father while he was a patient at the John L. McClellan Memorial Veterans Hospital ("the hospital").  Plaintiff seeks damages for the Charles Traub estate and its beneficiaries for pain and suffering, funeral expenses, mental anguish, lost wages, loss of life and all other damages recoverable under the Arkansas Wrongful Death Act, Arkansas Code Annotated § 16-62-101, *et seq*.

Defendant's seeks Summary Judgment contending that plaintiff has failed to identify proof which would support a finding that the alleged negligence was a proximate cause of Mr. Traub's death.

The parties do not dispute that Mr. Traub, a 66-year old Air force veteran underwent a colonoscopy which located a growth that was determined to be a well-differentiated

1

adencarcinoma. On February 20, 2004, surgery was performed at the hospital by Dr. Anne Mancino and Dr. Julia Arais. On the second day following surgery, February 22, 2004, Mr. Traub began experiencing tachycardia and at about 7:00 p.m., Mr. Traub died of a cardiac arrhythmia.

Plaintiff's have identified two expert witnesses, Dr. John Lambert and Cardiologist Dr. James Wilson. Both experts testified that the alleged violation of the standard of care during surgery which led to the lengthier surgery and removal of more of the colon than was necessary increased the chance of the arrhythmia that caused Mr. Traub's death.

Defendant citing *Blandenship v. Burnett*, 304 Ark. 469, 803 S.W. 2d 539 (Ark. 1991). contends that under Arkansas law plaintiff must present evidence of proximate cause, not a theory based upon probability, and that plaintiff's evidence is that the prolonged surgery increased the chance that Mr. Traub would suffer an arrhythmia which is a probability theory of recovery.

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Plaintiff as the moving party as the burden to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

The Court has reviewed the testimony of plaintiff's experts giving plaintiff the benefit of all favorable inferences as it must at this stage of the case.   The Court finds that plaintiff's evidence is sufficient to create a genuine issue of material fact as to whether the length and extent of the surgery was a proximate cause of Mr. Traub's death.

The Motion for Summary Judgment is denied.

IT IS SO ORDERED THIS   17   day of   January , 2006.


_____
James M. Moody
United States District Court